UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-cr-80111-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STANLEY BOLDEN.,

    Defendant.
_____/

# ORDER DENYING MOTION FOR APPLICATION OF THE FIRST STEP ACT

**THIS CAUSE** is before the Court upon the Defendant Stanley Bolden's ("Defendant") Motion for Appointed Counsel and Application of the First Step Act, ECF No. [178] ("Motion"), filed on January 3, 2019. On January 15, 2019, the Court Ordered the Federal Public Defender's Office to advise the Court whether it takes a position on the Motion and the potential representation of the Defendant. *See* ECF No. [180]. The Federal Public Defender filed a Response to the Court's Order, requesting that the Court appoint the Federal Public Defender to represent Defendant and amend Defendant's pro se motion with the arguments set forth in the Response. ECF No. [181] ("Motion to Appoint Counsel"). On January 25, 2019, the Court granted Defendant's Motion to Appoint Counsel and permitted the incorporation of the positions set forth in the Response. *See* ECF No. [182]. Thereafter, the United States of America ("Government") filed a Response to Defendant's Motion, ECF No. [183], and Defendant filed a Reply, ECF No. [184]. The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    A federal grand jury returned an Indictment charging Defendant with one count of

conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 21 U.S.C. § 846, and four counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2. ECF No. [22]. Count One of the Indictment alleged that Defendant conspired to distribute five grams or more of cocaine base and also charged that the drug quantity exceeded 35 grams. Counts Two through Five each charged Defendant with the distribution of at least five grams of cocaine base. In addition, according to the Presentence Investigation Report ("PSI"), Defendant was held responsible for 35.922 grams of cocaine base. PSI ¶¶ 12, 13, 19.

On February 7, 2006, Defendant entered a guilty plea to the charges in the Indictment. *See Stanley Bolden v. United States*, 07-cv-80353-KLR, ECF No. [7-1] at 13. On April 20, 2006, Defendant was sentenced to 292 months imprisonment as to each count to be served concurrently and 8 years of supervised release. ECF No. [93]. In the instant Motion, Defendant contends that he is eligible for a sentencing reduction under the First Step Act of 2018 ("First Step Act").

The Fair Sentencing Act was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). But the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act. Section 404(b) of the First Step Act expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . was in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Thus, the changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act—August 3, 2010.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010). The First Step Act

was passed into law on December 21, 2018, but the Act does not cite 18 U.S.C. § 3582(c). However, § 3582(c) provides the procedural vehicle through which this Court may modify Defendant's sentence. *See United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found at 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

The only portion of the First Step Act that expressly permits a Court to reduce a previously-imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving cocaine base. Relevant here, the Fair Sentencing Act raised from 5 grams to 28 grams the amount of cocaine base needed to trigger the (b)(1)(B) statutory range of five years to forty years in prison.

First, Defendant argues that his sentence would have been different if the Fair Sentencing Act had been in effect at the time the offense was committed. He argues that the factual proffer on which his guilty plea was based only established an amount in excess of 20 grams — not an amount in excess of 28 grams. Defendant contends that it would violate the Constitution to determine Defendant's statutory range based on the amount listed in the PSI. Defendant relies on the Supreme Court case *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, which stand for the proposition that a fact that increases the punishment above what is otherwise legally prescribed must be submitted to the jury. *See* ECF No. [184] at 3 (citing *Apprendi*; *Alleyne v. United States*, 570 U.S. 99 (2013); *Burrage v. United States*, 571 U.S. 204 (2014)). Defendant's position is that his "statutory range cannot be increased based on a judge-found drug quantity that

was not proven beyond a reasonable doubt or admitted during [his] guilty plea." *Id.* at 4. The Court disagrees.

Defendant's sentence would not have been impacted if Section 2 of the Fair Sentencing Act had been in effect at the time of Defendant's sentencing because the Indictment charged that Count One involved more than 30 grams of cocaine base and Defendant pled guilty to the indictment as a whole. Moreover, Defendant did not object to the statement in the PSI that he was responsible for 35.922 grams of cocaine base. Because the amount of cocaine base charged in Count I of the Indictment — to which Defendant pled guilty — and the amount set forth in the PSI are greater than 28 grams, the statutory maximum provided for in Section 841(b)(1)(B) would still have applied. Thus, Defendant's reliance on *Apprendi* and its progeny is misplaced. The Eleventh Circuit has indicated that "when a defendant pleads guilty and accepts the drug quantity determination contained in the pre-sentence report or agrees to drug quantity at sentencing or in his plea colloquy, he waives any right to appeal his sentence on the basis of *Apprendi,* regardless of what sentence is ultimately imposed." *United States v. Giraldo*, 132 F. App'x 800, 804 (11th Cir. 2005) (citing *United States v. Sanchez*, 269 F.3d 1250, 1271 n.40 (11th Cir. 2001)); *see also United States v. Walker,* 228 F.3d 1276, 1278 n.1 (11th Cir. 2000) (distinguishing *Apprendi* on the basis that defendant pled guilty and accepted the contents of the PSI). Here, Defendant was charged and pled guilty to conspiracy to distribute more than 30 grams of cocaine base and he did not object to the amount of cocaine base listed in the PSI. Accordingly, under Eleventh Circuit precedent, *Apprendi* is inapplicable.

Second, Defendant also argues that the First Step Act does not prevent the Court from providing relief even if a person's guidelines remain unchanged. By its plain language, Section 404 of the First Step Act authorizes district courts to reduce the sentence of a defendant "as if

4

sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b). If sections 2 and 3 of the Fair Sentencing Act were in effect at the time Defendant committed the covered offense, there would be no reduction in Defendant's sentence. Defendant still would have been subject to a sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(B) and §851. As such, he would have faced the same guideline range of 292-365 months imprisonment and would have received the same sentence of 292 months imprisonment.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [178]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 18, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record