UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-cr-80111-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STANLEY BOLDEN,

    Defendant.
_____/

**ORDER ON REMAND**

**THIS CAUSE** is before the Court upon being remanded from the Court of Appeals for the Eleventh Circuit, *United States v. Bolden*, 824 F. App'x 813 (11th Cir. 2020), which vacated this Court's prior Order denying Defendant Stanley Bolden's ("Defendant") Motion for Appointed Counsel and Application of the First Step Act. Upon reconsideration of its reasoning in light of the Eleventh Circuit's guidance, this Court concludes that the Motion must be granted, and Defendant must be resentenced.

**I. BACKGROUND**

On July 29, 2004, a federal grand jury returned an Indictment charging Defendant with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and § 846, and four counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and 18 U.S.C. § 2. ECF No. [22]. In particular, Count One of the Indictment alleged that Defendant conspired to distribute five grams or more of cocaine base, and charged that the quantity of drugs at issue was at least 35 grams. *Id.* at 2. Further, Counts Two through Five each charged Defendant with the distribution of at least five grams of

cocaine base. *Id.* at 2-4. According to the Presentence Investigation Report ("PSI"), Defendant was responsible for 35.922 grams of cocaine base. PSI ¶¶ 12, 13, 19.

On February 7, 2006, Defendant pled guilty to the charges in the Indictment. *See* ECF Nos. [86] & [87]; *see also Stanley Bolden v. United States*, 07-cv-80353-KLR, ECF No. [7-1] at 13. On April 20, 2006, Defendant was sentenced to a term of imprisonment of 292 months as to each count, to be served concurrently, followed by a period of eight years of supervised release. ECF No. [93].

Defendant originally filed his *pro se* Motion for Appointed Counsel and Application of the First Step Act, ECF No. [178], on January 3, 2019, arguing that he is eligible for a sentencing reduction under the First Step Act. On January 15, 2019, the Court ordered the Federal Public Defender's Office to advise the Court on whether it took any position on the motion and Defendant's request for representation. *See* ECF No. [180]. The Federal Public Defender filed a Notice in response to the Court's Order, ECF No. [181] ("Motion"), requesting that the Court appoint the Federal Public Defender to represent Defendant and amend Defendant's *pro se* motion to incorporate the arguments presented in the Notice. The Court ultimately granted Defendant's Motion to Appoint Counsel, ECF No. [182], and the Government subsequently filed a Response to Defendant's Motion, ECF No. [183], to which Defendant replied, ECF No. [184].

On June 18, 2019, upon consideration of the arguments presented in the briefing, the Court issued an Order Denying Motion for Application of the First Step Act, ECF No. [186] ("Order"). The Order specifically reasoned that a reduction in sentence was not warranted because: (1) the Fair Sentencing Act's changes to the statutory penalties would not affect Defendant's sentence, which was premised in part on the more than 30 grams of cocaine base alleged in Count One; and (2) Defendant's guidelines would not have changed, had the Fair Sentencing Act had been in effect at the time Defendant committed the covered offense.

Defendant appealed the Court's Order denying his Motion, ECF No. [187], and, on

September 21, 2020, the Eleventh Circuit issued its opinion vacating the Court's Order and remanding for further consideration as to whether the Court should exercise its discretion to reduce Defendant's sentence under the First Step Act. ECF No. [190]; *Bolden*, 824 F. App'x at 813. As such, the Court now readdresses the Motion through the lens of the Eleventh Circuit's reasoning.

## II. LEGAL STANDARD

The Fair Sentencing Act of 2010, Pub. L. No. 111-220; 124 Stat. 2372 ("Fair Sentencing Act"), was enacted in an effort to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity).[1] Yet, the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), at which point, the Fair Sentencing Act's changes to the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) became retroactively applicable to sentences rendered prior to the effective date of the Fair Sentencing Act—August 3, 2010.

Section 404(b) of the First Step Act expressly permits a sentencing court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Moreover, § 404(a) of the First Step Act explains that "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August

---

[1] The Fair Sentencing Act attempted to address the issues of uniformity and proportionality across sentencing by, among other things,

> increase[ing] the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively). The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1.

*Dorsey v. United States*, 567 U.S. 260, 269 (2012) (citations omitted).

3, 2010." Likewise, § 404(c) sets forth certain limitations to courts' ability to reduce sentences under these provisions, which are not relevant here,[2] but nonetheless vests courts with broad discretion in determining whether to exercise their authority pursuant to the First Step Act. *See Bolden*, 824 F. App'x at 817. Ultimately, "[w]hile district courts generally lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances." *Bolden*, 824 F. App'x at 814 (citing *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020)).

### III. DISCUSSION

In order to properly address Defendant's Motion on remand, the Court must undertake a brief review of the Eleventh Circuit's reasoning and conclusions on appeal. *See id.* at 813.

First, the relevant consideration when addressing a motion under the First Step Act is whether the movant was convicted of and sentenced under a "covered offense" that triggered the requisite statutory penalties modified by the Fair Sentencing Act. *Id.* at 815. This determination requires courts to examine the record to ensure that the movant's offense is such that it relates to the modified statutory penalties under the Fair Sentencing Act. *Id.* at 815-16.

Second, and equally important, in assessing whether an offense constitutes a "covered offense," courts may rely on the quantity of drugs involved in a case only to the extent necessary to establish that the movant meets the drug-quantity element of either statutory penalty at issue in

---

[2] *See* First Step Act § 404(c) ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

the Fair Sentencing Act—i.e., § 841(b)(1)(A)(iii) or § 841(b)(1)(B)(iii). *Id.* In doing so, courts must adhere to its prior drug-quantity finding that was applied at the time of sentencing. *Id.* at 816.

Finally, the Eleventh Circuit explained that it would be error for a court to conclude that a movant was ineligible for a sentence reduction under the First Step Act "based on (1) a higher drug quantity finding that was made for sentencing—not statutory—purposes; (2) a movant's career-offender status; or (3) a movant's sentence being at the bottom of the guideline range." *Id.* at 816-17 (citing *Jones*, 962 F.3d at 1305).

In light of that reasoning, the *Bolden* Court concluded that, in Defendant's case, the statutory penalties were triggered on each of the five counts for which he was sentenced, thus satisfying the "covered offense" requirement. *Id.* at 817. Additionally, with regard to Count I, the Eleventh Circuit stated that this Court had the authority to reduce Defendant's sentence where the statutory penalty range remained the same after applying the Fair Sentencing Act's reductions, but Defendant's sentence was nonetheless a greater sentence than the statutory minimum. *Id.* In sum, *Bolden* demonstrated that the Court erred in concluding it lacked the authority to reduce Defendant's sentence because Defendant was sentenced pursuant to "covered offenses," and the statutory penalties for these covered offenses were later reduced by the Fair Sentencing Act. *Id.*

Upon review of the Eleventh Circuit's determinations in *Bolden*, the Court is satisfied that it has the authority to grant Defendant's Motion and reduce his sentence pursuant to the First Step Act. Thus, this case shall be scheduled for hearing to determine the appropriate reduction of Defendant's sentence.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF Nos. [178] & [181]**, is **GRANTED**. The Court will separately issue an order scheduling the hearing.

Case No. 04-cr-80111-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Stanley Bolden
27986-004
Petersburg Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Petersburg, VA 23804